```
 1  BRANCART & BRANCART
       Elizabeth Brancart (SBN 122092)
 2     Liza Cristol-Deman (190516
    Post Office Box 686
 3  Pescadero, California 94060
    Tel:   (650) 879-0141
 4  Fax:   (650) 879-1103

 5  Attorneys for Plaintiffs

 6
    BRAVO & MARGULIES
 7   Joseph K. Bravo (SBN 107646)
    901 Market Street, Suite 450
 8  San Francisco, California 94103
    Tel: (415) 512-6700
 9  Fax: (415) 512-6716

10  Attorneys for Defendants
```

FILED
DEC 21 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOLASADE OTUDEKO, et al., | Case No. C-04-1216 MHP |
| Plaintiffs, | JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER; [PROPOSED] ORDER |
| vs. | |
| PAULINE RAVANI, etc., et al., | |
| Defendants. | |

The parties to this action, by and through their respective counsel, hereby apply for and stipulate to the issuance of the protective order attached hereto.

BRANCART & BRANCART

Dated: December 15, 2005.

_/s/ Elizabeth Brancart_
Elizabeth Brancart
Attorneys for Plaintiffs

BRAVO & MARGULIES

Dated: December 14, 2005.

_/s/ Joe Bravo (see p. 2A)_
Joseph K. Bravo
Attorneys for Defendants

JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF
PROTECTIVE ORDER; [PROPOSED] ORDER / Case No. C-04-1216 MHP

Case No. C-04-1216 MHP

## JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER; [PROPOSED] ORDER

The parties to this action, by and through their respective counsel, hereby apply for and stipulate to the issuance of the protective order attached hereto.

BRANCART & BRANCART

Dated: December ___, 2005.

Elizabeth Brancart
Attorneys for Plaintiffs

BRAVO & MARGULIES

Dated: December 14, 2005.

Joseph K. Bravo
Attorneys for Defendants

## PROTECTIVE ORDER

This protective order relates to the matter of *Otudeko, et al. v. Ravani, etc., et al.,*, United States District Court Case No. C-04-1216 MHP.

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means documents and information produced to plaintiffs' counsel by defendants reflecting their net worth and financial condition.

2. Confidential Information produced to plaintiffs' counsel shall not be disclosed to the plaintiffs in this action unless and until the jury in this case makes a finding that an award of punitive damages is appropriate.

3. Confidential Information shall be disclosed by plaintiffs' counsel only in

2A

## PROTECTIVE ORDER

This protective order relates to the matter of *Otudeko, et al. v. Ravani, etc., et al.,*, United States District Court Case No. C-04-1216 MHP.

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means documents and information produced to plaintiffs' counsel by defendants reflecting their net worth and financial condition.

2. Confidential Information produced to plaintiffs' counsel shall not be disclosed to the plaintiffs in this action unless and until the jury in this case makes a finding that an award of punitive damages is appropriate.

3. Confidential Information shall be disclosed by plaintiffs' counsel only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by plaintiffs' counsel for any other purpose.

4. Confidential Information shall not be disclosed by plaintiffs' counsel to anyone other than the Court and its officers, government officials associated with this action, counsel and their agents and employees, including investigators, all of whom shall be advised of, and bound by, the terms of this Protective Order.

5. Upon a finding by the jury in this case that an award of punitive damages is appropriate, Confidential Information will no longer be subject to this Protective Order for purposes of admitting it into evidence and/or taking testimony in court.

6. Until there is a finding by the jury in this case that an award of punitive damages is appropriate, to the extent feasible, any party filing any document that contains Confidential Information shall redact all Confidential Information before filing. If the filing party believes that the Confidential Information is necessary to adjudicate the matter or redacting is otherwise not feasible, the filing party must file the document containing Confidential Information under seal with the Court and labeled with the following statement:

//
//

| | |
|---|---|
| 1 | "Confidential Information |
| 2 | Filed Under Seal Pursuant to Protective Order" |

To the extent feasible, only such pages or exhibits or portions thereof that are designated by the parties as Confidential Information shall be lodged under seal.

7.   Until there is a finding by the jury in this case that an award of punitive damages is appropriate, prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

8.   Nothing in this Protective Order shall affect the admissibility of any Confidential Information in this action.

9.   Within 30 days after the termination of this action all Confidential Information produced by defendants shall be returned to defendants' counsel.

10.  Nothing in this Protective Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action. Nothing in this Protective Order shall preclude any party from moving the Court for modification of any terms and conditions thereof. Any party may, at any time, move the Court for modification of this Protective Order.

IT IS SO ORDERED.

DATED: __12/20__, 2005.

_____
Honorable Marilyn Hall Patel
United States District Judge